<u>Case No 25-11237</u>

_____

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

5307 CWELT-2008 LLC
*Defendant-Appellant,*

V.

WELLS FARGO FINANCIAL
SYSTEM FLORIDA, INC.,
*Plaintiff-Appellee.*

_____

On Appeal from the United States District Court
For the Southern District of Florida (Fort Lauderdale Division)

*<u>District Court Case # 0:25-cv-60354-RLR</u>*

**Appellant's Opening Brief**
_____

Liszt Law, P.A.
By: <u>/s/ Joshua Liszt</u>
Joshua Liszt, Esq., FBN 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T – 561-400-9053
E – josh@lisztlawpa.com

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. R. 26.1-2(c), Appellant 5307 CWELT-2008 LLC (hereinafter, "Appellant" or "5307 CWELT") hereby submits the following Certificate of Interested Persons and Corporate Disclosure Statement; and pursuant to Fed. R. App. 26.1 and the Eleventh Circuit Rule 26.1-1, hereby certifies that the following is a complete list of the Trial Judge, Magistrate, all Attorneys, Persons, Associations of Persons, Firms, Partnerships or Corporations that have an interest in the outcome of the case, including Subsidiaries, Conglomerates, Affiliates and Parent Corporations, and other Identifiable Legal Entities related to a party:

5307 CWELT-2008 LLC (Appellant/Defendant)

Augustin-Birch, Panayotta D. (Honorable Magistrate Dist. Ct. Judge)

Bohn, Silver Jade (Plaintiff Attorney)

Botsford, Bruce C (Defendant Attorney)

CitiFinancial Equity Services Inc (Defendant)

Edward Brown Pritchard (Plaintiff Attorney)

Guy, Stephen William (Plaintiff Attorney)

Heggestad, Lauren M (Plaintiff Attorney)

Joshua Mark Liszt,  (Appellant/Defendant Attorney)

Sadlak, Kenzie N. SADLAK, P.A. (Defendant Attorney)

Law Office of Bruce Botsford P.A. (Defendant Attorney)

Parkwood Homes Assn Inc (Defendant)

Peterson, Joel A. (Defendant)

Peterson, Karen (Defendant)

Robin L. Rosenberg, L. (Honorable District Court Judge)

Sadlak, Kenzie N. (Defendant Attorney)

Wells Fargo Financial System Florida, Inc. (Appellee/Plaintiff)

Wells Fargo USA Holdings Inc (Plaintiff)

Respectfully submitted, September 2, 2025

Liszt Law, P.A.
By: /s/ Joshua Liszt
Joshua Liszt, Esq., FBN 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T – 561-400-9053
E – josh@lisztlawpa.com

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant 5307 CWELT does not believe that oral argument is appropriate at this time.

**TABLE OF CONTENTS**

**Page**

CORPORATE DISCLOSURE STATEMENT…………………………… 2 - 3

STATEMENT REGARDING ORAL ARGUMENT………………….. 4

TABLE OF CITATIONS……………………………………………… 6 - 7

STATEMENT OF SUBJECT-MATTER AND APPELLATE

JURISDICTION………………………………………………………….. 8

STATEMENT OF THE ISSUE PRESENTED………………………… 9

STATEMENT OF THE CASE……………………………………… 13-15

SUMMARY OF THE ARGUMENT……………………………….. 16-17

ARGUMENT………………………………………………………….. 18-26

CONCLUSION………………………………………………………... 27-28

CERTIFICATE OF SERVICE………………………………………… 29

## TABLE OF CITATIONS

**Case Citation**                                    Page #

*Armada Coal Export, Inc. v. Interbulk, Ltd.,*
726 F.2d 1566, 1568
(11th Cir.1984)          …………………………          23

*Barrow Dev. Co. v. Fulton Ins. Co.,*
418 F.2d 316, 318
(9th Cir.1969)          …………………………          22-23

*Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.,*
561 F.3d 1294, 1297
(11th Cir. 2009)          …………………………          11,15,21-22 & 24

*D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,*
608 F.2d 145, 146-47
(5th Cir.1979)          …………………………          23

*Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co.,*
288 F.2d 349, 350
(5th Cir. 1961)          …………………………          11

*Harmon v. OKI Sys.,*
115 F.3d 477, 479
(7th Cir.1997)          …………………………          22

*In re Allstate Ins. Co.,*
8 F.3d 219, 221
(5th Cir.1993)          …………………………          21-22

*In re Bethesda Mem'l Hosp., Inc.,*
123 F.3d 1407, 1410-11
(11th Cir. 1997)          …………………………          18

*Lindley v. FDIC,*
773 F.3d 1043, 1050
(11th Cir. 2013)          …………………………          18

6

*New v. Sports and Recreation, Inc.,*
114 F.3d 1092, 1096
(11th Cir.1997) …………………………… 11 & 19

*Things Remembered, Inc. v. Petrarca,*
516 U.S. 124, 127-28, 116 S.Ct. 494, 133 L.Ed.2d 461
(1995) …………………………… 19

*United States v. Murrell,*
368 F.3d 1283, 1285
(11th Cir.2004) …………………………… 18

*Whole Hlth Chirop.& Wlnss, Inc. v. Hmna Med. Plan, Inc.,*
254 F.3d 1317, 1321
(11th Cir.2001) …………………………… 20

## **Statutes**

28 U.S.C. § 1332 …………….…………….. 10 & 24

28 U.S.C. § 1447 …………...…………….. 18-22 & 25

28 U.S.C. § 1653 ……...........................………… 23-24

## STATEMENT OF SUBJECT-MATTER
## AND APPELLATE JURISDICTION

The jurisdiction of the District Court was founded on 28 U.S.C. § 1447(d). The district court had subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332 and 1343. The jurisdiction of the Court is provided by 28 U.S.C. §§ 1291 and 2106-07, in that this is an appeal seeking to reverse the final judgment/order against Appellant entered by the United States District Court for the Southern District of Florida. The March 6, 2025 order issued by the United States District Court, are the only orders sought to be reviewed. The Appellant 5307 CWELT timely filed a notice of appeal on or about April 14, 2025.

## STATEMENT OF THE ISSUE

The primary question here is whether a district court can *sua sponte* remand a case back to state court for grounds other than those contained in 1447(c) and prior to a timely filed motion to remand.

## INTRODUCTION

28 U.S.C. § 1332 is the statute conferring diversity jurisdiction on federal courts. The statute provides a federal forum where the opposing parties are citizens of different states. *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 858 (11th Cir. 2000).

28 U.S.C. § 1332 contains both jurisdictional and procedural requirements. There are only two jurisdictional requirements: "complete diversity of citizenship of the adverse parties" and "an amount in controversy exceeding $75,000." *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020). So long as those requirements are met, diversity jurisdiction exists. All other requirements are procedural.

Here, the Appellant included in the February 24, 2025 notice of removal, a statement that "this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs".

Moreover, attached to the February 24, 2025 notice of removal, is a copy of the state court complaint filed by Appellee against Appellant and others in the Seventeenth Judicial Circuit Court, in and for Broward County, Florida ("state court"). Paragraph 10 of the state court complaint clearly reflects that "the amount in controversy" exceeds well over $75,000,

exclusive of interest and costs." – such allegations tracks the language of 28 U.S.C. § 1332 and are sufficient to initially confer jurisdiction and permit curing of defective allegations in a notice of removal by amendment to the notice. *Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co*., 288 F.2d 349, 350 (5th Cir. 1961); *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009).

Thus, even pleading, in conclusory form, the allegations of diversity jurisdiction should allow a defendant to amend a notice of removal, and prevent a court from remanding *sua sponte*, in the event a court finds that facts supporting jurisdiction were imperfectly pled – here, the opposite occurred.

This appeal raises the following issue: whether the failure to allege facts sufficient to establish subject matter jurisdiction in the notice of removal is a defect in the removal procedure. In *Corp. Mgmt.,* this Court concluded that it is a defect, and consequently, the district court cannot *sua sponte* remand a case to state court on that ground.

Moreover, this appeal involves the review of a remand order that is openly based on grounds other than (1) lack of the district court's subject matter jurisdiction; or (2) a motion to remand filed within 30 days of the notice of removal *See New v. Sports and Recreation, Inc.,* 114 F.3d 1092,

1096 (11th Cir.1997) (stating that "a district court must openly state its reliance on grounds other than those contained in section 1447(c) to permit review of the remand order.").

## STATEMENT OF THE CASE

On February 24, 2025, the Appellant 5307 CWELT filed a notice of removal, seeking to remove a suit filed by Wells Fargo Financial System Florida, Inc., etc. ("Wells Fargo" or "Appellee") in the Seventeenth Judicial Circuit of Florida, in and for Broward County, Florida (the "state court") to the United States District Court for the Southern District of Florida (the "district court").

The suit was filed by Wells Fargo on March 3, 2016 against the Appellant and others under case number CACE 16-004032 (the "state court suit"). Important here, the Appellant sought removal on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Copies of the February 24, 2025 notice of removal, and the state court suit reflecting on its face, the "amount in controversy", will soon be filed as appendix' to this brief under "Tabs 1" and "2", respectively, and will be incorporated herein.

In paragraph six (6) of the February 24, 2025 notice of removal (Tab 1), the Appellant alleged that Appellee WELLS FARGO is a citizen of the State of Iowa, and that "each and every Defendant, including Defendant CWELT, are all citizens of Florida..".

On March 6, 2025, the district court entered a *sua sponte* remand order due to the Appellant 5307 CWELT: 1) "filing a notice of removal

without counsel"; 2) "all served defendants not consenting to removal"; and because 3) "the time limit for removal to federal court is one year". Although titled "Order Remanding Case to State Court" the substantive text in the body of the March 6, 2025 order, reflects that the *sua sponte* remand order is not actually openly based on the district court's "lack of subject matter jurisdiction".

Instead, the district court's March 6, 2025 order is clearly based on the Appellant's *filing a notice of removal without counsel*; the failure of *all served defendants to consent to removal*; and based on 5307 CWELT's alleged *failure to comply with the one-year time limit* for removal to federal – all of which are non-jurisdictional procedural defects in the February 24, 2025 removal process. A copy of the district court's March 6, 2025 *sua sponte* order remanding the case by to the state court based on a procedural defect, will soon be filed as an appendix to this brief under "Tab 7".

On April 2, 2025, Appellant filed a motion for reconsideration directed at the district court's March 6, 2025 *sua sponte* remand order. In the April 2, 2025 motion for reconsideration, Appellant argued that "pursuant to 28 U.S.C. 1447(c), a court cannot remand for 'procedural defects – prior to a timely filed motion to remand"; and that and that filing a notice of removal without counsel, all defendants not consenting to removal, and removing a

state court case to federal court beyond "the one-year time limit" are all "procedural defects". A copy of Appellant's April 2, 2025 motion for consideration, will soon be filed as an appendix to this brief under "Tab 8".

On April 3, 2025, the District Court entered a "paperless" order denying the Appellant's April 2, 2025 motion for reconsideration. A copy of the District Court's April 3, 2025 order denying Appellant's motion for reconsideration, will soon be filed as an appendix to this brief under "Tab 9".

On April 11, 2025, Appellant 5307 CWELT filed notice of appealing the District Court's March 6, 2025 sua sponte remand order, and its April 3, 2025 order denying Appellant's April 2, 2025 motion for reconsideration. A copy of Appellant's April 11, 2025, will soon be filed as an appendix to this brief under "Tab 10".

The district court's March 6, 2025 remand order, and its April 3, 2025 order denying Appellant's April 2, 2025 motion for reconsideration, are the two orders subject to this appeal.

## SUMMARY OF THE ARGUMENTS

### ISSUE I

## REMOVAL BY AN BUSINESS ENTITY – PURPORTING TO ACT *PRO SE* IS A  NON-JURISDICTIONAL "PROCEDURAL DEFECT"

28 U.S.C. § 1441(a), provides that `any civil action' over which a federal court would have original jurisdiction may be removed to federal court by `the defendant or the defendants.'" *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). In *Home Depot*, the Supreme Court clarified that the referenced "defendant" means "the party sued by the original plaintiff"—not a third party, crossclaim, or counter-claim defendant. As such,  a business defendant like 5307 CWELT is the type of "defendant" that clearly has authority to remove a case from state court to federal court. Certainly, 28 U.S.C. § 1441(a), nor Home Depot explicitly prohibits business entity defendants, such as 5307 from removing a case.

### ISSUE II

## UNTIMELINESS OF REMOVAL IS A "PROCEDURAL DEFECT" – NOT A JURISDICTIONAL ONE

In *Shipley v. Helping Hands Therapy*, 996 F. 3d 1157 (11th Cir. 2021), this Court recently ruled on this issue by stating that "given the untimeliness of Plaintiff's motion for remand, the Court should not remand for a defect in the removal procedure, rather than for lack of subject matter jurisdiction

(holding that "timeliness of removal is a procedural defect—not a jurisdictional one") (emphasis added).   Also *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (per curiam).

ISSUE III

**THE FAILURE OF ALL DEFENDANTS TO CONSENT TO REMOVAL IS PROCEDURALLY DEFECTIVE – NOT JURISDICTIONALLY DEFECTIVE**

In *In re Bethesda*, this Court concluded that "the failure to join all defendants in the petition is a defect in the removal procedure. (*Also See Hernandez v. Seminole County*, 334 F.3d 1233, 1237 (11th Cir. 2003) (quoting *In re Bethesda Mem'l Hosp*). Also see generally *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).

## ARGUMENT

<u>ISSUE I</u>

### REMOVAL BY AN BUSINESS ENTITY –
### PURPORTING TO ACT *PRO SE* IS A
### NON-JURISDICTIONAL "PROCEDURAL DEFECT"

Pursuant to *Home Depot*, if an unrepresented business defendant such as 5307 CWELT does file a notice of removal to federal court, and the plaintiff chooses NOT to raise an objection to that removal of the case within 30 days, as required under the remand statute § 1447(c), then the question becomes whether that allegedly improper removal is a non-waivable jurisdictional defect or whether it is a waivable procedural defect. See *Wilson*.

In its March 6, 2025 *sua sponte* remand order, it appears that district court found that an improper removal by a business defendant (without its state court counsel), somehow strips the district court of subject matter jurisdiction and thus, requires immediate remand to state court. However, according to *Home Depot*, *Wilson*, and an abundance of other binding case law, the answer to that question lies in the plain text of the remand statute.

Section 1447(c) states that "[a] motion to remand the case on the basis of <u>any</u> defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section

18

1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, the statute provides two bases for remand:

> (1) a lack of subject matter jurisdiction that can be raised at any time before final judgment or

> (2) a defect other than lack of subject matter jurisdiction that must be raised within 30 days after filing the notice of removal. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252-53 (11th Cir. 1999).

And a defect other than lack of subject matter jurisdiction can only be raised through a party's motion and not *sua sponte* by the district court. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc*., 561 F.3d 1294, 1297 (11th Cir. 2009) (concluding that a district court lacks authority to *sua sponte* remand a case for a procedural defect in removal and "a `procedural defect' within the meaning of § 1447(c) refers to *any* defect that does not go to the question of whether the case originally could have been brought in federal district court") (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)).

Here, there is absolutely no dispute whatsoever that this instant case could have been originally filed in the federal district court below. "Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or

the status of things." See *Wilson*, also see *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (internal quotations omitted).

In this case, there is complete diversity between 5307 CWELT, a Florida citizen, and WELLS FARGO, a citizen of Iowa. Even if 5307 CWELT removed the case without its attorney, diversity would not be destroyed. Moreover, since there is no dispute that the amount in controversy exceeds $75,000., this Court should therefore conclude that the district court has original subject matter jurisdiction under § 1332(a). See *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999).

When a district court could have exercised original subject matter jurisdiction had the case been initially filed in federal court, the only other basis for remand is a defect that is subject to the 30-days rule under § 1447(c). In *Snapper*, this Court defined "defect" as "[t]he want or absence of some legal requisite; deficiency; imperfection; insufficiency" and "[w]ant or absence of something necessary for completeness or perfection; deficiency." *Snapper*, 171 F.3d at 1253 (alterations in original) (quoting Black's Law Dictionary 418 (6th ed. 1990) and Webster's New International Dictionary of the English Language 686 (2d ed. 1953)).

Moreover, being a defendant in the case is a legal requisite for removal —§ 1441(a) states that a defendant must be the party to remove the case to federal court. *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004). And as the Supreme Court has held, it cannot be any defendant—it must be a party sued by the original plaintiff. *Home Depot*, 587 U.S. at 437.

Thus, in considering who can remove a case to federal court, the Supreme Court has distinguished between that category of "defendant" and everyone else. A non-party, like a third party, counterclaim, or crossclaim defendant, falls into the latter camp as a person who has no authority to remove a case. See *Home Depot*. Therefore, a removal by "everyone else" (this of course includes business entity "defendants" such as 5307 CWELT), is a defect in the removal proceedings —they do not meet the legal requirement under § 1441(a).

According to *Home Depot*, the district court's determination that "business entities may not be represented *pro se*—they must be represented by an attorney, does not implicate subject matter jurisdiction and thus must be objected to within 30 days or else waived.

In *Wilson*, this Court found that "an apt analogy to the improper non-party removal is the improper forum-defendant removal. Section

1441(b)(2) prohibits removing a civil action to federal court based on diversity jurisdiction if any properly joined defendants are citizens of the state where the case is brought. Yet the Court has said – along with most of its sister circuits, that "such an improper removal is a waivable defect." See *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (collecting cases).

This 11th Circuit Court of Appeals recognized in *Wilson* that § 1447(c) covers defects beyond the mere mechanics and procedures of the removal process to include "more substantive" ones like those involving a party's citizenship. *Snapper*, 171 F.3d at 1258.

certainly,, the Court saw "no good reason not to extend the same treatment to the improper removal by a non-party where the case could have been originally filed in federal court – the same is true here, regarding the alleged improper removal by a business entity, as this instant case could have certainly been originally filed in the district court below.  In fact, the removal by a non-party to a case is much more absurd than a removal by a business entity that's actually a named defendant in the underlying state court case.

The Court said that "for the purposes of the removal statutes, there is no meaningful difference between a forum-defendant or a non-party removing a case—both have no statutory authority to do so. *See Wilson*. And according to this Court, the operative questions to determine waiver are identical in both situations—did the parties object within 30 days, and does the federal court have subject matter jurisdiction – that operative question is now before this Court.

Here, if WELLS FARGO wanted to return the case to state court, it could have and should have filed a motion for remand within 30 days of 5307 CWELT's February 24, 2025 removal – but it did nothing, and therefore, it has acquiesced to federal jurisdiction. *See Wilson*.

28 U.S.C. 1447(c), provides in pertinent part that: "a motion to remand the case on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal ….."

Therefore, based on 28 U.S.C. 1447(c), any objections to defects (such as "an LLC filing a notice or removal without counsel", "unanimity" or "untimeliness") in the February 24, 2025 removal procedures), were waived by Appellee Wells Fargo's failure to timely raise that particular objection by filing a motion for remand within thirty days, i.e., by no later than March 27, 2025.

However, this Court has jurisdiction to review whether the "district court exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process without first waiting for a party's motion." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.,* 254 F.3d 1317, 1321 (11th Cir.2001).

Here, it appears that the district court based its *sua sponte* remand order on perceived lack of subject matter jurisdiction under § 1447(c), specifically, on the perceived absence of diversity. However, "an LLC filing a notice or removal without counsel", "unanimity" or "untimeliness" are "procedural, rather than jurisdictional, defects...." *In re Allstate Ins. Co.,* 8 F.3d 219, 221 (5th Cir.1993).

## ISSUE II

### UNTIMELINESS OF REMOVAL IS A "PROCEDURAL DEFECT" – NOT A JURISDICTIONAL ONE

This court has also held that "Petitioning for removal outside of the 30-day window constitutes a defect in removal procedure which may be waived by failure to timely file a motion for remand." *see Wilson v. Gen. Motors Corp.,* 888 F.2d 779, 781 n.1 (11th Cir. 1989). Therefore, if an opposing party does not object to an untimely notice of removal by timely filing a motion to remand, the objection is waived."

Therefore, based on the plain language of 28 U.S.C. § 1447(c), and the Court's binding precedent, the Appellee WELLS FARGO was required to file a motion for remand based on the alleged untimeliness of 5307 CWELT's removal, and to do so within 30 days of the February 24, 2025 removal – i.e., by March 26, 2025. See 28 U.S.C. § 1447(c).

Indeed, the district court's March 6, 2025 *sua sponte* remand order is partially based on a defect in the removal procedure (i.e., "timeliness") rather than for lack of subject matter jurisdiction. *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (per curiam) (holding that "timeliness of removal is a procedural defect—not a jurisdictional one").

25

<u>ISSUE III</u>

**THE FAILURE OF ALL DEFENDANTS TO CONSENT TO REMOVAL IS PROCEDURALLY DEFECTIVE – NOT JURISDICTIONALLY DEFECTIVE**

The unanimity requirement, which mandates that in cases involving multiple defendants, all defendants must consent to removal, is a procedural defect in the removal process and has absolutely nothing to do with the district court's subject matter jurisdiction. See *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir.1993); *In re Federal Sav. & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir.1988).

This 11th Circuit Court has held that a remand based solely on the unanimity requirement "is clearly based on a defect in the removal process." See *In re Bethesda*, also see *In re Ocean Marine*, 3 F.3d at 355-56. In other words, the general rule is that if a case is remanded for failure to comply with the unanimity requirement, the remand is based on the second ground set forth in § 1447(c). *In re Ocean Marine*, 3 F.3d at 356. Normally, such a remand order is not subject to appellate review. However, the matter at hand, is not the normal case.

## **CONCLUSION**

This Court review *de novo* questions of subject matter jurisdiction and statutory interpretation. *Lindley v. FDIC*, 773 F.3d 1043, 1050 (11th Cir. 2013). Additionally, the interpretation of a statute is a question of law subject to *de novo* review." See *United States v. Murrell,* 368 F.3d 1283, 1285 (11th Cir.2004) (citation omitted). Accordingly, this Court reviews a district court's interpretation of 28 U.S.C. § 1447 *de novo.*

The record before this Court, shows that the district court had subject matter jurisdiction over the claim below pursuant to 28 U.S.C. § 1332, known as "diversity jurisdiction."  Section 1332 confers subject matter jurisdiction upon district courts over civil actions between "citizens of different States" and for which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (1) - here, it is without any dispute that the Appellant 5307 CWELT has met both of those jurisdictional requirements.

Respectfully however, the district court exceeded the grounds for remand contained in § 1447(c), as the March 6, 2025 *sua sponte* remand order is clearly based on non-jurisdictional defects in the removal procedure. Certainly, the March 6, 2025 *sua sponte* order is not within the bounds of § 1447(c) because it was issued after the expiration of the thirty-day period to

remand provided in the statute. Reading §§ 1447(c) and (d) together, an order remanding on procedural grounds upon an untimely motion, is not authorized by § 1447(c).

WHEREFORE, Appellant 5307 CWELT hereby respectfully request that this Court: 1) reverse the district court's March 6, 2025 order remanding the underlying case back to state court; and 2) vacate its [district court] April 3, 2025 order denying Appellant's April 2, 2025 Motion for Reconsideration, and for any further relief this Court deems just and proper.

Liszt Law, P.A.
By: /s/ Joshua Liszt
Joshua Liszt, Esq., FBN 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T – 561-400-9053
E – josh@lisztlawpa.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true copy of the foregoing Brief was furnished via email and/or via the PACER Electronic Filing System to Appellee's attorney, Edward B. Pritchard, Esq. and/or by U.S. Mail at 1604 N. Marion St., Tampa, FL 33602 on this 2nd day of September, 2025.

Liszt Law, P.A.
By: <u>/s/ Joshua Liszt</u>
Joshua Liszt, Esq., FBN 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T – 561-400-9053
E – josh@lisztlawpa.com