Case No 25-11237

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

5307 CWELT-2008, LLC
*Defendant-Appellant,*

V.

WELLS FARGO FINANCIAL SYSTEM
FLORIDA, INC.

*Plaintiff-Appellee.*

On Appeal from the United States District Court
For the Southern District of Florida
(Fort Lauderdale Division)

*District Court Case # 0:25-cv-60354-RLR*

**Appellant's Index to Appendix**

Liszt Law, P.A.
By: /s/ Joshua Liszt
Joshua Liszt, Esq., FBN 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T – 561-400-9053
E – josh@lisztlawpa.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-2(c), Appellant 5307 CWELT-2008 LLC (hereinafter, "Appellant" or "5307 CWELT") hereby submits the following Certificate of Interested Persons and Corporate Disclosure Statement; and pursuant to Fed. R. App. 26.1 and the Eleventh Circuit Rule 26.1-1, hereby certifies that the following is a complete list of the Trial Judge, Magistrate, all Attorneys, Persons, Associations of Persons, Firms, Partnerships or Corporations that have an interest in the outcome of the case, including Subsidiaries, Conglomerates, Affiliates and Parent Corporations, and other Identifiable Legal Entities related to a party:

5307 CWELT-2008 LLC (Appellant/Defendant)

Augustin-Birch, Panayotta D. (Honorable Magistrate Dist. Ct. Judge)

Bohn, Silver Jade (Plaintiff Attorney)

Botsford, Bruce C (Defendant Attorney)

CitiFinancial Equity Services Inc (Defendant)

Edward Brown Pritchard (Plaintiff Attorney)

Guy, Stephen William (Plaintiff Attorney)

Heggestad, Lauren M (Plaintiff Attorney)

Joshua Mark Liszt,  (Appellant/Defendant Attorney)

Sadlak, Kenzie N. SADLAK, P.A. (Defendant Attorney)

Law Office of Bruce Botsford P.A. (Defendant Attorney)

Parkwood Homes Assn Inc (Defendant)

Peterson, Joel A. (Defendant)

Peterson, Karen (Defendant)

Robin L. Rosenberg, L. (Honorable District Court Judge)

Sadlak, Kenzie N. (Defendant Attorney)

Wells Fargo Financial System Florida, Inc. (Appellee/Plaintiff)

Wells Fargo USA Holdings Inc (Plaintiff)

Respectfully submitted, September 8, 2025

Liszt Law, P.A.
By: /s/ Joshua Liszt
Joshua Liszt, Esq., FBN 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T – 561-400-9053
E – josh@lisztlawpa.com

## INDEX TO APPENDIX TO OPENING BRIEF

**Item**                                                                                    **Tab**

*February 24, 2025* – Appellant's Notice of Removal ...................    1

*March 3, 2016* – Appellee's State Court Complaint................    2

*March 6, 2025* – District Court's *Sua Sponte* Remand Order .........    3[1]

*April 2, 2025* – Appellant's Motion for Reconsideration ...............    4[2]

*April 3, 2025* – District Court's Order Denying
Appellant's Motion for Reconsideration ............................    5[3]

*April 11, 2025* – Appellant's Notice of Appeal ..............    6[4]

---

[1] Mistakenly listed as Tab "7" in appellant's opening Brief.
[2] Mistakenly listed as Tab "8" in appellant's opening Brief.
[3] Mistakenly listed as Tab "9" in appellant's opening Brief.
[4] Mistakenly listed as Tab "10" in appellant's opening Brief.

# Tab 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: _____

FILED BY _____ D.C.

FEB 2 4 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

| | |
|---|---|
| WELLS FARGO FINANCIAL SYSTEM FLORIDA, INC., SUCCESSOR BY MER-ER TO WELLS FARGO USA HOLDINGS, INC. | ) ) ) ) |
|     Plaintiff, | ) ) |
| Vs. | ) ) |
| 5307 CWELT-2008 LLC, *et. al.* | ) ) |
|     Defendant. | ) |

**NOTICE OF REMOVAL**
*(Diversity – 28 U.S.C. 1332)*

---

**NOTICE OF REMOVAL**
Removed from:
17th Judicial Circuit Court, in and for Broward County, Florida
**Case No. CACE 16-004032**

TO: Clerk of the U.S. District Court for the Southern District of Florida:

**PLEASE TAKE NOTICE THAT** 5307 CWELT-2008 LLC ("Defendant" or "CWELT")

hereby removes to this Court the state proceeding described herein, pursuant to 28 U.S.C. §§ 1332,

1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d). A copy of this Notice of Removal is being

served on all parties at the addresses listed in Plaintiffs' state court motion and is being filed and

served in the 17th Judicial Circuit Court, in and for Broward County, Florida (the "State court").

**INTRODUCTION**

1.  On or about January 15, 2025, CWELT filed an objection to Plaintiff Wells Fargo Financial

    System Florida, Inc., Successor by Merger to Wells Fargo USA Holdings, Inc. ("Plaintiff"

    or "WELLS FARGO") January 9, 2025 foreclosure sale held in the State court. A copy of

    CWELT's January 15, 2025 objection to sale is attached hereto as Exhibit A.

2. Shortly thereafter, on January 22, 2025, WELLS FARGO filed notice of a February 25, 2025 *non-evidentiary* "Zoom" hearing on CWELT's January 15, 2025 objection to sale. A copy of WELLS FARGO's January 22,, 2025 State court notice of hearing is attached hereto as Exhibit B.

3. Because, among other reasons, WELLS FARGO refused to schedule an evidentiary hearing on CWELT's objection to sale, the Defendant CWELT removed its January 22, 2025 State court objection to sale to this Court on February 24, 2025..

4. The State court controversy concerns a mortgage loan allegedly made in the initial amount of **$280,162.08** (the "Loan"). The Loan is allegedly evidenced by a promissory note secured by a mortgage on Defendant CWELT's residential home located in Broward County Florida (the "Property"). See ¶ 9 of WELLS FARGO's March 3, 2016 State court complaint attached hereto as Exhibit C.

**BASIS FOR REMOVAL**

> *Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).*

5. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Exhibit C, ¶ 10. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

> *There is Complete Diversity of Citizenship Among the Parties.*

6. Plaintiff WELLS FARGO is a citizen of the State of Iowa. Each and every Defendant, including Defendant CWELT, are all citizens of Florida.

7. Because Defendant CWELT is a limited liability company, it "takes the citizenship of all of its members." CWELT's sole member is Mr. Nicholus Andrews ("Mr. Andrews"). Mr.

Andrews is a citizen of the State of Florida. Accordingly, because its sole member is a citizen of Florida, CWELT is a citizen of Florida.

8.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." According to information and belief, WELLS FARGO is incorporated in the State of Iowa and also has its principal place of business in Iowa.

9.  Hence, there is complete diversity between the Plaintiff and the Defendants in this case, and therefore this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

### *The Amount in Controversy Requirement is Satisfied.*

10. To determine the amount in controversy, courts look first at the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." It is well settled that there is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold.."

11. Here, the amount in controversy meets the jurisdictional requirements, as Plaintiff is seeking to foreclose on Defendant's property and is seeking to recover at least $280,162.08 in principle, interest, and fees. Exhibit C, ¶ 10. Thus, it is apparent from the face of the State court Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs.

**WHEREFORE**, Defendant CWELT respectfully gives notice that the above-captioned civil action pending in the 17th Judicial Circuit Court, in and for Broward County, Florida is hereby removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Respectfully Submitted,

5307 CWELT-2008 LLC
5307 NW 93rd Avenue
Sunrise, Florida 33351

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided by via U.S. mail to Plaintiff's attorney, ALBERTELLI LAW., at P.O. Box 23028, Tampa, Florida 33623 and/or by eService at servealaw@albertellilaw.com on this 24th day of February, 2025.

5307 CWELT-2008 LLC
5307 NW 93rd Avenue
Sunrise, Florida 333512

# Tab 2

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL ACTION

WELLS FARGO FINANCIAL SYSTEM FLORIDA, INC

      Plaintiff,

Case No.

5307 CWELT-2008 LLC, JOEL A. PETERSON A/K/A
JOEL ANDREW PETERSON, KAREN PETERSON,
PARKWOOD HOMES ASSOCIATION, INC.
CITIFINANCIAL EQUITY SERVICES, INC.
UNKNOWN TENANTS/OWNERS 1, UNKNOWN
TENANTS/OWNERS 2 , AND UNKNOWN
TENANTS/OWNERS 3,
      Defendants.

Division

_____/

## VERIFIED COMPLAINT TO FORECLOSE MORTGAGE

Plaintiff, WELLS FARGO FINANCIAL SYSTEM FLORIDA, INC, sues the

Defendants, 5307 CWELT-2008 LLC, JOEL A. PETERSON A/K/A JOEL ANDREW

PETERSON, KAREN PETERSON, PARKWOOD HOMES ASSOCIATION, INC.

CITIFINANCIAL EQUITY SERVICES, INC. , UNKNOWN TENANTS/OWNERS 1,

UNKNOWN TENANTS/OWNERS 2, and UNKNOWN TENANTS/OWNERS 3, and states:

## COUNT I MORTGAGE FORECLOSURE

1.   This is an action to foreclose a mortgage on real property located in Broward

County, Florida, and by reason thereof the venue for this matter is in Broward County, Florida.

2.   Borrower(s) JOEL A PETERSON AND KAREN PETERSON executed and

delivered a Promissory Note ("Note") dated September 22, 2006 in the original principal amount

of $277,510.07. Securing payment of the Note JOEL A PETERSON AND KAREN

PETERSON HUSBAND AND WIFE executed and delivered a Mortgage ("Mortgage") dated

September 22, 2006. The Mortgage was recorded on October 5, 2006, in the Official Records

Book 42892, Page 1244, of the Public Records of Broward County, Florida, and mortgaged the

property described in the Mortgage. Copies of the Note and Mortgage are attached hereto.

3.   Plaintiff is the holder of the Note and is entitled to enforce the terms thereof as

Plaintiff is in possession of the original Note and the Note is indorsed in blank. A Certification

VERIFIED COMPLAINT TO FORECLOSE MORTGAGE
062-FL-V3

BROWARD COUNTY

328071/1663990/lz
Page 1

MAR 0 2 2016

*** FILED: BROWARD COUNTY. FL HOWARD FORMAN.  CLERK 3/3/2016 10:51:52 AM.****

of Possession of Original Promissory Note is attached hereto and incorporated by reference herein.

4.    5307 CWELT-2008 LLC, JOEL A. PETERSON A/K/A JOEL ANDREW PETERSON is/are the current owner(s) of the real property which is the subject of the Mortgage.

5.    The Mortgage is a lien superior in dignity to any prior or subsequent right, title, claim, lien or interest arising out of mortgagee or the mortgagee's predecessors in interest.

6.    A default exists under the Note and Mortgage as a result of the amounts due under the Note and Mortgage in that the payment due for July 27, 2011, and all subsequent payments have not been made.

7.    Plaintiff has demanded payment of the obligation reflected by the aforesaid Note and Mortgage, but despite such demand, said default has not been cured.

8.    All conditions precedent to the acceleration of the Note and Mortgage and the filing of the instant foreclosure complaint have been performed, have occurred, or have been waived.

9.    Plaintiff declares the full amount payable under the Note and Mortgage to be due.

10.    Plaintiff is due the sum of $280,162.08, in principal under the Note and Mortgage, plus interest from June 27, 2011 together with all sums that may be due for taxes, insurance, escrow advances, and expenses and costs of suit including but not limited to filing fees, recording fees, title search and examination fees, fees due for service of process and such other costs authorized by the loan documents, by law, and as may be allowed by the Court.

11.    Plaintiff is obligated to pay plaintiff's attorneys a reasonable fee for their services. Plaintiff is entitled to recover its attorneys' fees under the Note and Mortgage.

12.    KAREN PETERSON may have or claim an interest in the Property that is subject to this foreclosure action by virtue of his/her marriage to JOEL A. PETERSON as a result of the spouse's potential homestead interest in the property and may claim a right of redemption in the subject property by virtue of their execution of the Mortgage, and may have personal liability for

any deficiency as a result of their execution of the Note. Said interests, however, are either invalid or is subordinate and inferior to the lien of Plaintiff's Mortgage, or may otherwise claim an interest in the Property.

13.    JOEL A. PETERSON A/K/A JOEL ANDREW PETERSON, may claim a right of redemption in the subject property by virtue of their execution of the Mortgage, and may have personal liability for any deficiency as a result of their execution of the Note. Said interests, however, are either invalid or is subordinate and inferior to the lien of Plaintiff's Mortgage, or may otherwise claim an interest in the Property.

14.    PARKWOOD HOMES ASSOCIATION, INC. , may have or claim an interest in the Property that is subject to this foreclosure action by virtue of any lien filed pursuant to the Declaration of Covenants and Restrictions or Declaration of Condominium and any amendments thereto recorded in the Official Record Books on October 14, 1986, in Official Records Book 13811, Page 902, and may have or claim interest in the Property that is subject to this foreclosure action by virtue of Lien recorded in the Official Record Books on March 26, 2012, in Official Records Book 48609, Page 198, and may have or claim interest in the Property that is subject to this foreclosure action by virtue of Lis Pendens recorded in the Official Record Books on August 26, 2013, in Official Records Book 50114, Page 154, and may have or claim interest in the Property that is subject to this foreclosure action by virtue of Judgment recorded in the Official Record Books on April 22, 2014, in Official Records Book 50717, Page 1173, and may have or claim interest in the Property that is subject to this foreclosure action by virtue of Order recorded in the Official Record Books on July 22, 2014, in Official Records Book 50952, Page 249, of Broward County, Florida.

15.    CITIFINANCIAL EQUITY SERVICES, INC. , may have or claim an interest in the Property that is subject to this foreclosure action by virtue of Mortgage recorded in the Official Record Books on April 4, 2007 in Official Records Book 43846, Page 1980, of Broward

County, Florida, or may otherwise claim an interest in the Property. Said interest, however, is either invalid or is subordinate and inferior to the lien of Plaintiff's Mortgage.

16.   UNKNOWN TENANTS/OWNERS 1, may have or claim an interest in the Property that is subject to this foreclosure action. Said interest, however, is either invalid or is subordinate and inferior to the lien of Plaintiff's Mortgage.

17.   UNKNOWN TENANTS/OWNERS 2, may have or claim an interest in the Property that is subject to this foreclosure action. Said interest, however, is either invalid or is subordinate and inferior to the lien of Plaintiff's Mortgage.

18.   UNKNOWN TENANTS/OWNERS 3, may have or claim an interest in the Property that is subject to this foreclosure action. Said interest, however, is either invalid or is subordinate and inferior to the lien of Plaintiff's Mortgage.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment: (a) foreclosing the Mortgage; (b) enumerating all amounts this Court determines due to Plaintiff pursuant to said Note and Mortgage, (c) ordering the Clerk of the Court to sell the subject property to satisfy the amount due Plaintiff, in whole or part; and (d) adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior and subordinate to the Plaintiff's Mortgage lien and forever be barred and foreclosed, and (e) retaining jurisdiction of this Court in this action to make any and all further orders and judgments as necessary and proper, including but not limited to re-foreclosure against any subordinate interest omitted from these proceedings, determining the amounts owed to any condominium or homeowners association, issuance of writ of possession and the entry of a deficiency, when and if such deficiency is sought, and only if the parties liable under the Note have not been discharged in bankruptcy (however no deficiency will be sought if the parties liable under the Note were subject to an order allowing Plaintiff or its predecessors-in-interest only in rem relief from the bankruptcy automatic stay (f) awarding Plaintiff its attorney fees,

costs, interest, advances; and (g) for such other and further relief as this Court deems just and proper.

**[THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK - THE SIGNATURES OF THE PLAINTIFF AND ITS COUNSEL FOLLOW ON THE NEXT PAGE]**

### FLA. R. CIV. P. 1.110(b) VERIFICATION

"Under penalty of perjury, I declare that I have read the foregoing Verified Complaint to Foreclose Mortgage, and the facts alleged therein are true and correct to the best of my knowledge and belief."

By: _____

Printed Name: _____

As the: _____

For: WELLS FARGO FINANCIAL SYSTEM FLORIDA, INC., by Wells Fargo Bank, N.A., its Attorney-in-Fact

Date: _____

DATED: 3/2/16

EDWARD B. PRITCHARD
FL BAR # 712876
epritcha@kasslaw.com

Lindsay M. Alvarez / Florida Bar #39064
LAlvarez@kasslaw.com
Kass Shuler, P.A., Attorneys for Plaintiff
1505 N. Florida Ave.
Tampa, FL  33602
(813) 229-0900

**The Primary e-mail address for electronic service of all pleadings in this case under Rule 2.516 is as follows:**

**ForeclosureService@kasslaw.com**

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 10/29/2019 4:30:00 PM.****

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY FLORIDA
CIRCUIT CIVIL DIVISION

WELLS FARGO FINANCIAL SYSTEM
FLORIDA, INC., SUCCESSOR BY MERGER TO
WELLS FARGO USA HOLDINGS, INC.,
     Plaintiff(s)

vs.

          CASE NO.: CACE16004032
          DIVISION:

5307 CWELT-2008 LLC; JOEL A. PETERSON A/K/A
JOEL ANDREW PETERSON; KAREN PETERSON;
PARKWOOD HOMES ASSOCIATION, INC.;
CITIFINANCIAL EQUITY SERVICES, INC.;
UNKNOWN TENANTS/OWNERS 1; UNKNOWN
TENANTS/OWNERS 2; AND UNKNOWN
TENANTS/OWNERS 3,
     Defendant(s).

*Filed In Open Court*
*CLERK OF THE CIRCUIT COURT*
*ON OCT 2 9 2019*
*BY [signature]*

### FINAL JUDGMENT OF FORECLOSURE

     THIS ACTION was heard before the Court at the Non-Jury Trial on October 29, 2019. On the evidence presented,

     IT IS ADJUDGED that:

1.    The Plaintiff's Final Judgment is GRANTED. Service of process has been duly and regularly obtained over **5307 Cwelt-2008 LLC; Citifinancial Equity SErvices, Inc.; Joel A. Peterson A/K/A Joel Andrew Peterson; Karen Peterson; Parkwood Homes Association, Inc.; Unknown Tenants/Owners 1 N/K/A Jane Doe,** defendants.

2.    There is due and owing to the Plaintiff the following:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $280,162.08 |
| Interest on the note and mortgage from June 27, 2011 to October 1, 2019 | $199,733.13 |
| Taxes | $29,785.32 |
| Insurance Premiums | $46,057.24 |
| Attorney's fees total:<br>(*The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analyses is not necessary and that the flat fee is reasonable.) | ~~$4,100.00~~ |

**Prior Counsel Court Costs:**

| | |
|---|---|
| Filing Fee | ~~$1,976.50~~ |
| Title Search Expense | ~~$ 115.00~~ |
| Service of Process | ~~$ 338.75~~ |
| Title Update | ~~$ 30.00~~ |

**** FILED: BROWARD COUNTY, FL  Brenda D. Forman,  CLERK 10/29/2019 4:30:00 PM.****

**Additional Costs:**
    · Other (Deferred Interest)                                              $3,200.73

**GRAND TOTAL**                                                          ~~$565,498.75~~

                                                                   $ 558,938.50

3.      The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4.      Plaintiff, Wells Fargo Financial System Florida, Inc., successor by merger to Wells Fargo USA Holdings, Inc., whose address is c/o Wells Fargo Financial, 1 Home Campus, Des Moines, Iowa 50328-0001, holds a lien for the grand total sum specified in Paragraph 2 herein.  The lien of the Plaintiff is superior to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to the Florida Statutes, Section 718.116 and Section 720.3085.  The Plaintiff's lien encumbers the subject property located in Broward County, Florida and described as

**LOT 71, PARKWOOD HOMES, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 126, PAGE 7, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**

**Property address: 5307 NW 93RD AVE, SUNRISE, FL 33351**

5.      If the grand total amount with interest at the rate described in Paragraph 3 to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale to the highest bidder on _DEC. 5_, 20_19_, B. S. at Broward County's Public Auction website: www.broward.realforeclose.com, to the highest bidder for chase, i 9 except as prescribed in Paragraph 6, at 10:00am, after having first given notice as required by Section 45.031, Florida Statutes.  The Clerk shall not conduct the sale in the absence of the Plaintiff or its representative.

6.      Plaintiff shall advance all subsequent costs of this action in addition to any advances to protect its collateral and shall be reimbursed for them by the clerk if Plaintiff is not the purchaser of the property for sale.  If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.  The clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for service in making, recording, and certifying the sale and title that shall be assessed as costs.

7.      On filing the Certificate of Sale, defendant's right of redemption as prescribed by Florida Statutes, Section 45.0315 shall be terminated.

8.      On filing the Certificate of Title, the Clerk shall distributed the proceeds of the sale, so far as they are sufficient by paying:  first, all of the Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest t the rate prescribed in paragraph 3 from this date to the date of the sale.  During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9.      Upon filing of the Certificate of Title, defendant and all persons claiming under or against defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property.

10.     The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that the flat fee of $4,100.00 is reasonable and appropriate for the Plaintiff's counsel's attorney's fees.  The Court finds that there are no reasons for either reduction or enhancement pursuant to Florida patient's Compensation Funds v. Rowe, 472 So. 2d 1145 (Fla. 1985), and the Court therefore has awarded reasonable attorney's fees in the amount indicated in paragraph 2 of this judgment.

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 10/29/2019 4:30:00 PM.****

11. **NOTICE PURSUANT TO AMENDMENT TO SECTION 45.031, FLA. ST. (2006).**

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, BROWARD COUNTY CLERK OF COURT**

BROWARD COUNTY COURTHOUSE

ATTN: FORECLOSURE

201 S E 6TH STREET, ROOM 230

FORT LAUDERDALE, FL 33301

**BROWARD COUNTY CLERK OF COURTS|TELEPHONE 954-831-5745** - Foreclosure Line

954-831-6565 GENERAL NOTICE OF ACTIONS 954-831-5742

954-831-7770 Special Foreclosure Line

**954-831-5659 - Court Registry - Funds], WITHIN TEN (10) DAYS AFTER THE SALE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID SERVICE OF BROWARD COUNTY INC., 491 N. STATE ROAD 7, PLANTATION, FL 33317, TELEPHONE (954) 765-8950, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT FLORIDA RURAL LEGAL SERVICES, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

12. If Plaintiff is the successful purchaser at the foreclosure sale, Plaintiff may assign the successful bid without further order of this court.

13. The Court finds that Plaintiff has standing to seek and receive the relief obtained herein.

14. Any funds payable from third party funds including attorney fees and costs shall be made payable to Plaintiff.

**** FILED: BROWARD COUNTY, FL  Brenda D. Forman,  CLERK 10/29/2019 4:30:00 PM.****

15.    The Court specifically reserves jurisdiction to enter further orders the Court deems just and proper to include, without limitation, the following: orders related to pursuit and entry of deficiency judgment, if Defendant has not been discharged in bankruptcy, or it is not prohibited by federal law or mutual settlement agreement; orders granting additional attorney's fees and costs; writs of possession; orders determining the amount and responsibility for assessments that may be due a condominium or homeowner's association pursuant to sections 718.116 or 720.3085 of the Florida Statutes; orders arising out of re-foreclosure, to include permitting a supplemental complaint to add an interest-holder, and/or; orders involving reformation of the mortgage instrument or deed to perfect title.

ORDERED at Broward County, Florida on _29   oct._, 20_19_

Circuit Judge

AP- 17-001460
Case No.: CACE16004032          Tr-Silver Bohn #95948

Copies furnished to:

Albertelli Law
P.O. Box 23028
Tampa, FL 33623
eService: servealaw@albertellilaw.com

5307 Cwelt-2008 LLC
c/o Bruce Botsford
1615 SW 2 Avenue
Ft. Lauderdale, FL 33315
E-Serve 1:  service@botsfordlegal.com, E-Serve 2:  Paralegal@botsfordlegal.com

Citifinancial Equity SErvices, Inc.
2661 Executive Center Circle
C/O SECRETARY OF STATE
TALLAHASSEE, FL 32301

Joel A. Peterson A/K/A Joel Andrew Peterson
3072 Quayside Court, Apt 201
Melborne, FL 32935

Joel A. Peterson A/K/A Joel Andrew Peterson
7770 NW 78TH AVE APT 111
TAMARAC, FL 33321

Karen Peterson
3072 Quayside Court, Apt 201
Melborne, FL 32935

Karen Peterson
7770 NW 78TH AVE APT 111
TAMARAC, FL 33321

Inst:# 116145361 Page 5 of 5 End of Document

Case 0:25-cv-60354-RLR Document 1-2 Entered on FLSD Docket 02/24/2025 Page 11 of 15
USCA11 Case: 25-11237 Document: 28 Date Filed: 09/08/2025 Page: 21 of 56

**** FILED: BROWARD COUNTY, FL  Brenda D. Forman,  CLERK 10/29/2019 4:30:00 PM.****

Parkwood Homes Association, Inc.
c/o David M. Bauman, Esq.
4050 W: Broward Blvd.
Plantation, FL 33317
E-Serve 1:  Pleadings@BeaumanandRossman.com

Unknown Tenants/Owners 1 N/K/A Jane Doe
5307 NW 93RD AVE
SUNRISE, FL 33351

      1.  **The unpaid balance of the loan** secured by the mortgage as of the date specified in the estoppel letter, **including an itemization of the principal, interest, and any other charges comprising the unpaid balance**; and

      2.  Interest accruing on a per-day basis for the unpaid balance from and after the date specified in the estoppel letter, if applicable.

(emphasis added).

      3.     Fl.Stat. 701.04 is not a superficial statute. As stated by the Third District Court of

Appeal:

> There is little doubt that Florida recognizes such a separate and discrete cause of action by a borrower against a lender.[6] Specifically, section 701.04(1)(a) of the Florida Statutes requires a holder of a mortgage to deliver to the mortgagor, upon request of the mortgagor, a written estoppel letter setting forth not only the unpaid balance of the loans secured by the mortgage but "any other charges *properly due* under or secured by the mortgage." § 701.04(1)(a), Fla. Stat. (2014) (emphasis added). And, the Legislature expressly contemplated a cause of action based on the parties' respective obligations under the statute: "In the case of a civil action arising out of this section, the prevailing party is entitled to attorney fees and costs." § 701.04(2), Fla. Stat. (2014). Indeed, one Florida bankruptcy court, applying Florida law, has held that section 701.04 becomes a part of a contract between a mortgagor and a mortgagee and that a mortgagor has a breach of contract action against a mortgagee if the mortgagee provides an intentionally false estoppel letter. See In re Kraz, LLC, 570 B.R. 389, 406 (Bankr. M.D. Fla. 2017).

Laptopplaza, Inc. v. Wells Fargo Bank, NA, 276 So. 3d 375, 379 (Fla. 3d DCA 2019).

      3.     In short, the Defendant was incapable of obtaining an accurate estoppel letter

before the sale date, as they were guaranteed by Fl.Stat. 701.04. The Plaintiff, either directly or

through its agent, is directly responsible for same.

      4.     As stated by the Florida Supreme Court in Arsali v. Chase Home Finance, LLC,

121 So.3d 511 (Fla. 2013), "[W]e have long recognized that, when there is a proper showing, the

trial courts in this state possess sufficient powers to ensure that "equity will act to prevent the

wrong result" in judicial foreclosure sale disputes. Arlt, 190 So.2d at 577. Of course the trial

courts acting in equity are not without limits in exercise of their broad discretion."

5.    Defendant is entitled to an evidentiary hearing on his Objection to Sale.

McKnight v. Chase Home Finance, LLC, 241 So.3d 775 (Fla. 4th DCA 2017).

WHEREFORE, the Defendant respectfully objects to the sale in this matter.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct of the foregoing was furnished through the

e-portal system this 15th day of January 2025 to all parties designated therein.

/s/ *Bruce Botsford*
BRUCE BOTSFORD
Florida Bar No. 31127

BRUCE BOTSFORD, P.A.
1005 West State Road 84, #472
Ft. Lauderdale, Florida 33315
Telephone: (954) 663-7002
Email: paralegal@botsfordlegal.com
botslaw@gmail.com

**Title Holder Request for Estoppel**

5307 CWELT-2008, LLC % N.Andrews

Mailing Address: 4233 W. HILLSBORO BLVD #970092, COCONUT CREEK, FL 33097

October 28, 2024

Loan Number: 0259996049

Property Address: 5307 NW 93RD AVE, SUNRISE, FL 33351

Wells Fargo Financial System Florida, Inc., successor by merger to Wells Fargo USA Holdings, Inc.

1201 Hays Street, Tallahassee, FL 32301-2525

**Subject: Request for Estoppel Letter and Detailed Account Information**

Dear Wells Fargo Financial System Florida, Inc., successor by merger to Wells Fargo USA Holdings, Inc.,

As the titleholder of the property associated with this account, I am formally requesting an estoppel letter, to be provided within ten days of your receipt of this letter, that includes a detailed, itemized breakdown of the total amount owed. For each fee, charge, and advance contributing to the balance, please provide a clear and individual listing of each cost and its purpose. If the balance includes a "corporate advances" category, each fee within this grouping—such as legal or other service fees—should be separately itemized rather than presented as a single line item.

Full disclosure and transparency in the details are necessary to accurately understand and assess the validity of any debt connected to the property. Without clear identification of each charge, there is a risk of obscuring the true character of the debt, which in turn impedes a responsible review of the total amounts. Grouping or labeling fees in a manner that obscures individual charges may create confusion or a misleading impression about the legitimacy and purpose of the amounts owed.

Please confirm receipt of this request and ensure that the requested estoppel documentation, with all charges itemized as requested, is provided within the required ten-day timeframe. Thank you for your prompt attention to this matter, which is vital for ensuring clarity in managing any obligations connected to the property.

Tracking # 9589071052702091381980

Sincerely,

N.Andrews

5307 CWELT-LLC

# Tab 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-CV-60354-RLR

WELLS FARGO FINANCIAL
SYSTEM FLORIDA, INC.,

    Plaintiff,

vs.

5307 CWELT-2008 LLC,
et al.,

    Defendants.

_____/

### ORDER REMANDING CASE TO STATE COURT

This matter is before the Court *sua sponte*.  The Court remands this case back to state

court for three reasons.

First, one Defendant removed this case to federal court.  That Defendant, 5307 CWELT-

2008 LLC, filed the notice of removal without counsel—purporting to act *pro se*.  Business

entities may not be represented *pro se*—they must be represented by an attorney. *E.g., Palazzo v.*

*Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Second, there are multiple Defendants in the underlying state court case, but only one

Defendant filed the notice of removal.  All served Defendants must consent to removal. *E.g.,*

*Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900).

Third, the underlying state court case has been pending for approximately six years.  The

time limit for removal to federal court is one year. 28 U.S.C. § 1446(b).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Clerk of the Court shall **REMAND** this matter back to the Seventeenth Judicial Circuit in and for Broward County and **CLOSE** this federal case.  All other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of March, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

# Tab 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:25-cv-60354-RLR

WELLS FARGO FINANCIAL SYSTEM
FLORIDA, INC., SUCCESSOR BY MERER
TO WELLS FARGO USA HOLDINGS, INC.
     Plaintiff,

Vs.

5307 CWELT-2008 LLC, *et. al*
    Defendant.              /



FILED BY _____ D.C.

APR 02 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

### DEFENDANT 5307 CWELT-2008 LLC'S
### MOTION FOR RECONSIDERATION OF
### *SUA SPONTE* REMAND ORDER

Defendant 5307 CWELT-2008 LLC ("5307 CWELT"), pursuant to Fed. R. Civ. § 59,

hereby seeks reconsideration of the Court's March 6, 2025 *sua sponte* Remand Order [DE 4],

and in support hereof states:

### I.    Introduction

*THE ISSUE HERE IS NOT WHETHER A BUSINESS ENTITY MUST BE*
*REPRESENTED BY AN ATTORNEY - THE ISSUE IS WHETHER THAT*
*QUESTIONABLE REMOVAL BY SUCH A "PRO SE" BUSINESS ENTITY, IS A*
*"PROCEDURAL" DEFECT IN THE REMOVAL PROCESS OR A*
*"JURISDICTIONAL" DEFECT. See 28 U.S.C. §§ 1332, 1446 and 1447(c)-(d).*

The statutory basis for removal of a civil action from a state court to a federal court is found in

28 U.S.C. § 1441 which provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a state court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to
> the district court of the United States for the district and division embracing
> the place where such action is pending. 28 U.S.C. § 1441(a). Also see *Triggs
> v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). ("A civil
> case filed in state court may be removed by the defendant to federal court if
> the case could have been brought originally in federal court.").

1. I, Nicholus Andrews, the sole owner of Defendant 5307 CWELT-2008 LLC, hereby seeks reconsideration in light of the Eleventh Circuit Court of Appeals (the "11th Circuit") decisions in *Wilson v. Hearos, LLC*, (11th Cir., February 18, 2025), Case No. 23-12550; Whole *Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Circuit 2001); *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997)), and the Supreme Court's decision in *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).

2. In *In re Bethesda*, the 11th Circuit held that it "may review a remand based on a procedural defect when it is pursuant to an untimely motion to remand. *In re Bethesda*, 123 F.3d at 1410.

3. This case is very similar to *Wilson*. In that case a non-party to the litigation—Protective Industrial Products, Inc. ("PIP")—removed the case to the federal court in that district. Similar to this Court, the district court in *Wilson* noted the "procedural oddity" of the removal by a "non-party," but after determining that the plaintiff in *Wilson* (as the Plaintiff here), never disputed the district court's subject matter jurisdiction or raised any objections to the removal process, the district court in *Wilson* did not remand the case back, but instead, adjudicated the case in federal court and dismissed Mr. Wilson's claim as time-barred under Georgia law.

4. The *Wilson* defendant appealed that district court's decision, raising two issues: (1) whether removal to federal court by a non-party was a *jurisdictional defect* or a *waivable procedural defect*, and (2) assuming the district court had subject matter jurisdiction, whether the district court erred in applying Georgia's law instead of

federal law to determine whether the *Wilson* defendant's claims were barred under Georgia's state laws.

5. After careful review, the 11th Circuit in *Wilson* found "that if a federal court has original subject matter jurisdiction over a case, removal of the case to federal court by a **non-party** is a waivable defect subject to § 1447(c)'s 30-day rule. (emphasis supplied).

6. Here, the same is true because it is without dispute that, when Wells Fargo Financial System Florida, Inc. ("Plaintiff" or "WELLS FARGO") filed this case in the state court, subject matter jurisdiction existed under § 1332(a) based on complete diversity between every defendant in the state court case (including 5307 CWELT), and the Plaintiff WELLS FARGO, and clearly the amount in controversy far exceeded $75,000.

7. Because WELLS FARGO did not move to remand this case back to the state court within 30 days after 5307 CWELT's February 24, 2025 removal, WELLS FARGO has waived its objection to the alleged business entity removal, to untimeliness, and to the unanimity rule.

## II.   Factual History

8. On February 24, 2025, Florida citizen 5307 CWELT, a business entity represented by counsel in the underlying Florida foreclosure action ("state action"), removed that state action from the 17th Judicial Circuit Court, in and for Broward County Florida (the "state court").

9. At no point did Plaintiff WELLS FARGO even appear in this removal proceeding - let alone make any attempt whatsoever to remand the case back to the state court. In

fact, it appears that Plaintiff was, and is still just sitting back, and idlily observing this Court, and this Court alone - litigate this entire removal proceeding on Plaintiff's behalf.

10. On March 6, 2025, the Court entered a *sua sponte* order [DE 4] remanding this case back to the state court for three *procedural*, non-jurisdictional reasons or "defects" regarding 5307 CWELT's February 24, 2025 notice of removal. First, because according to the Court, 5307 CWELT allegedly filed the notice of removal without counsel. In support of its first reason, the Court points to the non-removal case of *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), however that case has nothing to do with removal jurisdiction and only stands for the proposition that a business entity cannot represent itself in Court – here, that is only the underlying matter to the real issue, which is whether that underlying matter, is a "procedural" defect, or a "jurisdictional" defect, according to a plethora of circuit appellate court, and our United States Supreme Court – it's procedural!

11. The Court's second procedural reason for entering the March 6, 2025 *sua sponte* remand order, is because [according to the Court], "all served defendants must consent to removal, citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900) as authority for such procedural reason in the February 24, 2025 removal procedure.

12. However, in *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, *In re Bethesda Mem'l Hosp. Inc.*, 123 F.3d 1407 (11th Cir.1997), and *In re Ocean Marine*, 3 F.3d at 355-56, the 11th Circuit has already found that the requirement that "all

served defendants must consent to removal, is a procedural defect in the removal procedure.

13. The Court's final non-jurisdictional and procedural reason for entering its March 6, 2025 *sua sponte* remand order, appears to be premised on the waivable procedural defect of a defendant removing a case beyond the one-year time limit for removal under 28 U.S.C. § 1446(b). But as explained in more details below, the one-year time limit is a waivable procedural defect that must be raised in a motion within 30 days of removal.

14. Here, similar to the *Wilson* court, this Court noted the irregularity of an "unrepresented business entity" removing the case to this Court. As the district court in *Wilson* did, this Court identified competing, *nonbinding* case law on whether to treat such an improper removal as an unwaivable, jurisdictional defect *(which it is NOT)*, or as a waivable, procedural one *(which it is)*.

15. However, unlike the district court in *Wilson*, this Court seems poise to conclude that such a defect (a business entity removing a state court case without its counsel) is not a waivable procedural defect, but a jurisdictional one – clearly, such a conclusion by this Court, would fly directly in the face of *Wilson* and *Home Depot,* especially when the Court does not cite any case law, or other authority to support such a contradicting finding to binding precedence.

16. In this instant case, there is simply no dispute over the Court's original subject matter jurisdiction, as the Plaintiff chose not to raise any objections within the 30-day limit under the remand statute, 28 U.S.C. § 1447(c), therefore, according to *Wilson* and *Home Depot*, this district court maintains jurisdiction over the case.

### III.     Argument

*A Court Cannot Remand Sua Sponte*
*for a "Procedural Defect" – and Prior to a Timely Filed*
*Motion to Remand*

17. In *Whole Health,* the 11th Circuit held that 28 U.S.C. § 1447(c) does not authorize any *sua sponte* remand order not based on subject matter jurisdiction - even if made within the thirty-day period. (Emphasis added). Rather, the court must wait for the plaintiff to file a motion for remand. Here, the Plaintiff, WELLS FARGO never filed such a motion for remand.

18. Moreover, where a defect is procedural, remand *sua sponte* is erroneous. See *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough,* 365 F.3d 1244 (11th Cir. 2004). (A "court which has subject matter jurisdiction may not remand the case *sua sponte*.").

### i.     28 U.S.C. § 1447(c)

19. 28 U.S.C. 1447(c), is clear in that "a motion to remand the case on the basis of any defect in the removal procedure <u>must be made within 30 days after the filing of the</u> ***Notice of Removal*** under section 1446(a). Here, and pursuant to 28 U.S.C. 1447(c), any objections to defects in Defendant 5307 CWELT's February 24, 2025 removal procedures, were waived, and/or forfeited by Plaintiff WELLS FARGO's failure to timely file a motion for remand within thirty days of February 24, 2025.

20. After 5307 CWELT filed the February 24, 2025 notice of removal petition [DE 1], Plaintiff WELLS FARGO did absolutely nothing here in this court. Given that 28 U.S.C. § 1447(c) allows a Plaintiff such as WELLS FARGO only thirty (30) days to

object to removal, WELLS FARGO has therefore waived any objections to 5307

CWELT's February 24, 2025 removal procedure.

21. In general, a procedural defect is any technical substantive or procedural error which

is not a challenge to lack of subject matter jurisdiction. *Wilson v. General Motors*

*Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989).

22. In this particular case, it is without any dispute whatsoever that the Plaintiff has failed

to file a motion to remand and thus has waived any and all objections to the February

24, 2025 removal procedure. Moreover, the Court's March 6, 2025 remand order was

not only entered *sua sponte*, but it was based upon perceived defects in the removal

procedure and *not based upon the Court's lack of subject matter jurisdiction as*

*required by the statute*. Here, the jurisdictional issue is undisputed – that's because

the state of citizenship of each defendant, is different from the state of citizenship of

Plaintiff WELLS FARGO. The fact that the amount in controversy exceeds $75,000

is also without objection.

### ii.   Removal by an Alleged Unrepresented Business Defendant

23. "The general removal statute, 28 U.S.C. § 1441(a), provides that 'any civil action'

over which a federal court would have original jurisdiction may be removed to

federal court by 'the defendant or the defendants.'" *Home Depot U. S. A., Inc. v.*

*Jackson*, 587 U.S. 435, 437 (2019). The Supreme Court clarified that the referenced

"defendant" means "the party sued by the original plaintiff"—not a third party,

crossclaim, or counter-claim defendant. Needless to say, pursuant to *Home Depot*, a

business defendant like 5307 CWELT is the type of "defendant" that clearly has

authority to remove a case from state court to federal court. *Important here, 28 U.S.C.*

*§ 1441(a), nor Home Depot explicitly prohibits business entity defendants, such as 5307 CWELT from removing a case.*

24. Thus, if a represented business defendant such as 5307 CWELT does file a notice of removal to federal court, and the plaintiff chooses NOT to raises an objection to removal of the case within 30 days, as required under the remand statute § 1447(c), then the question becomes whether that allegedly improper removal is a non-waivable jurisdictional defect or whether it is a waivable procedural defect. See *Wilson*.

25. In its March 6, 2025 *sua sponte* remand order, it appears that Court found that an improper removal by a business defendant (without its state court counsel), somehow strips this Court of subject matter jurisdiction and thus, requires immediate remand to state court. However, according to *Home Depot, Wilson*, and an abundance of other binding case law, the answer to that question lies in the plain text of the remand statute.

26. Section 1447(c) states that "[a] motion to remand the case on the basis of <u>any</u> defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

27. Thus, the statute provides two bases for remand:

>       (1) a lack of subject matter jurisdiction that can be raised at any time before final judgment or

>       (2) a defect other than lack of subject matter jurisdiction that must be raised within 30 days after filing the notice of removal. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252-53 (11th Cir. 1999).

28. And a defect other than lack of subject matter jurisdiction can only be raised through a party's motion and not *sua sponte* by the district court. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (concluding that a district court lacks authority to *sua sponte* remand a case for a procedural defect in removal and "a `procedural defect' within the meaning of § 1447(c) refers to ***any*** defect that does not go to the question of whether the case originally could have been brought in federal district court") (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)).

29. More importantly, there is absolutely no dispute whatsoever that this instant case could have been originally filed in this federal court. "Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." See *Wilson*, also see *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (internal quotations omitted).

30. Indeed, a district court can hear a case only if it has at least one of three types of subject matter jurisdiction:

> (1) jurisdiction under a specific statutory grant;
> (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or
> (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotation omitted).

31. Here, no one disputes that there is complete diversity between 5307 CWELT, a Florida citizen, and WELLS FARGO, a citizen of Iowa. Even if 5307 CWELT removed the case without its attorney, diversity would not be destroyed. Moreover, since there is no dispute that the amount in controversy exceeds $75,000, this Court

should therefore conclude that it has original subject matter jurisdiction under §
1332(a). See *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir.
1999).

32. When a district court could have exercised original subject matter jurisdiction had the
case been initially filed in federal court, the only other basis for remand is a defect
that is subject to the 30-days rule under § 1447(c). In *Snapper*, the 11th Circuit defined
"defect" as "[t]he want or absence of some legal requisite; deficiency; imperfection;
insufficiency" and "[w]ant or absence of something necessary for completeness or
perfection; deficiency." *Snapper*, 171 F.3d at 1253 (alterations in original) (quoting
Black's Law Dictionary 418 (6th ed. 1990) and Webster's New International
Dictionary of the English Language 686 (2d ed. 1953)). *In Snapper*, the 11th Circuit
gave examples of "legal requisites" of removal, like the filing and timeliness
requirements under §§ 1446(a) and (b). Id. A failure to comply with these
requirements renders the removal "defective" and justifies remand under § 1447(c).

33. Moreover, being a defendant in the case is a legal requisite for removal —§ 1441(a)
states that a defendant must be the party to remove the case to federal court. *Cogdell
v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004). And as the Supreme Court held, it
cannot be any defendant—it must be a party sued by the original plaintiff. *Home
Depot*, 587 U.S. at 437.

34. Thus, in considering who can remove a case to federal court, the Supreme Court has
distinguished between that category of "defendant" and everyone else. A non-party,
like a third party, counterclaim, or crossclaim defendant, falls into the latter camp as a
person who has no authority to remove a case. See *Home Depot*. Therefore, a removal

by "everyone else" (according to the on the Court's March 6, 2025 order, this would also include business entity such as 5307 CWELT), **is a defect in the removal proceedings** —they do not meet the legal requirement under § 1441(a).

35. According to *Home Depot*, this Court's determination that "business entities may not be represented *pro se*—they must be represented by an attorney, <u>does not implicate subject matter jurisdiction and thus must be objected to within 30 days or else waived.</u>

36. In *Wilson*, our 11th Circuit found that "an apt analogy to the improper non-party removal is the improper forum-defendant removal. Section 1441(b)(2) prohibits removing a civil action to federal court based on diversity jurisdiction if any properly joined defendants are citizens of the state where the case is brought. Yet the 11th Circuit has said – along with most of its sister circuits, that "such an improper removal is a waivable defect." See *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (collecting cases).

37. The 11th Circuit recognized in *Wilson* that § 1447(c) covers defects beyond the mere mechanics and procedures of the removal process to include "more substantive" ones like those involving a party's citizenship. *Snapper*, 171 F.3d at 1258.

38. In *Wilson*, the 11th Circuit saw "no good reason not to extend the same treatment to the improper removal by a non-party where the case could have been originally filed in federal court – the same is true here, regarding the alleged improper removal by a business entity, as this instant case could have certainly been originally filed in this Court.  In fact, the removal by a non-party to a case is much more absurd than a

removal by a business entity that's actually a named defendant in the underlying state court case.

39. The 11th Circuit said that "for the purposes of the removal statutes, there is no meaningful difference between a forum-defendant or a non-party removing a case—both have no statutory authority to do so. *See Wilson.* And according to the 11th Circuit, the operative questions to determine waiver are identical in both situations—did the parties object within 30 days, and does the federal court have subject matter jurisdiction – that operative question, is now before this Court.

40. Here, if WELLS FARGO wanted to return the case to state court, it could have and should have filed a motion for remand within 30 days of 5307 CWELT's February 24, 2025 removal – but it did nothing, and therefore, it has acquiesced to federal jurisdiction. *See Wilson.*

### iii.   A Plaintiff has Only 30 Days to Move for Remand Based on a "Procedural" Defect

41. Pursuant to 28 U.S.C. § 1447(c), "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

*42.* Here, the notice of removal was filed on February 24, 2025, and as of today's date, Plaintiff WELLS FARGO still has not yet filed a motion to remand alleging the "untimeliness" of 5307 CWELT's February 24, 2025 notice of removal – therefore waiving any objections to the alleged untimely filing.

43. In *Shipley v. Helping Hands Therapy*, 996 F. 3d 1157 (11th Cir. 2021), our 11th Circuit recently ruled on this issue by stating that "given the untimeliness of Plaintiff's motion for remand, the Court should not remand for a defect in the removal

procedure, rather than for lack of subject matter jurisdiction (holding that "timeliness of removal is a **procedural defect—not a jurisdictional one**") (emphasis added). Also *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (per curiam).

44. The 11th Circuit has also held that "Petitioning for removal outside of the 30-day window constitutes a defect in removal procedure which may be waived by failure to timely file a motion for remand." *see Wilson v. Gen. Motors Corp.,* 888 F.2d 779, 781 n.1 (11th Cir. 1989). Therefore, if an opposing party does not object to an untimely notice of removal by timely filing a motion to remand, the objection is waived."

45. In its interpretation of the statute's language, the 11th Circuit held such language "to mean that a remand order pursuant to § 1447(c) must be 'openly based' on (1) lack of subject matter jurisdiction, or (2) 'a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure.'" See *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997).

46. In *In re Bethesda*, the 11th circuit addressed the question of remanding cases for procedural defects after 30 days of the notice of removal. 123 F.3d at 1410-11. Although that case involved a district court *sua sponte* remanding for a procedural defect after the 30-day time period had expired, the 11th Circuit stated that the district court "acted outside of its statutory authority by remanding for a procedural defect after thirty days of the notice of removal."

47. Therefore, based on the plain language of 28 U.S.C. § 1447(c), and the 11th Circuit's binding precedent, the Plaintiff here was required to file a motion for remand based on the alleged untimeliness of 5307 CWELT's removal, and to do so within 30 days

of the February 24, 2025 removal – i.e., by March 26, 2025. See 28 U.S.C. § 1447(c).
Given that the Plaintiff here has not objected to 5307 CWELT's removal, this Court
should not *sua sponte* remand this case based on the procedural defect of an untimely
removal. See *Advanced Body Care Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d
1235, 1237 n.1 (11th Cir. 2008).

48. Indeed, the Court's March 6, 2025 *sua sponte* remand order is partially based on a
defect in the removal procedure (i.e., "timeliness") rather than for lack of subject
matter jurisdiction. See *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir.
2010) (per curiam) (holding that "timeliness of removal is a procedural defect—not a
jurisdictional one").

### iv.   The Failure of All Defendants to Consent to Removal is Procedurally Defective – Not Jurisdictionally

49. As stated earlier, on March 6, 2025 the Court *sua sponte* remanded the underlying
state action back to the state court based on an alleged or perceived "non-
jurisdictional defects", specifically on the "unanimity" rule. However, as the 11th
Circuit concluded in the case of *In re Bethesda*, the failure to join all defendants in the
petition is a defect in the removal procedure. (Also *See Hernandez v. Seminole
County*, 334 F.3d 1233, 1237 (11th Cir. 2003) (quoting *In re Bethesda Mem'l Hosp*).
Also see generally *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044
(11th Cir. 2001).

50. The unanimity requirement, which mandates that in cases involving multiple
defendants, all defendants must consent to removal, is a procedural defect in the
removal process and has absolutely nothing to do with the district court's subject
matter jurisdiction. See *Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 247-48, 20

S.Ct. 854, 44 L.Ed. 1055 (1900); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir.1993); *In re Federal Sav. & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir.1988),

51. The 11th Circuit has held that a remand based solely on the unanimity requirement "is clearly based on a defect in the removal process." *See In re Bethesda,* also see *In re Ocean Marine*, 3 F.3d at 355-56. In other words, the general rule is that if a case is remanded for failure to comply with the unanimity requirement, the remand is based on the second ground set forth in § 1447(c). *In re Ocean Marine*, 3 F.3d at 356. Normally, such a remand order is not subject to appellate review. However, the matter at hand, is not the normal case.

## **Conclusion**

Should the Court deny this request for reconsideration, the Defendant 5307 CWELT would therefore respectfully request that the Court support such a denial with *relevant* removal case law and statutes, as the Court's March 6, 2025 order does not appear to do so.

In this case, the Defendant 5307 CWELT (an undisputed Florida citizen) clearly asserted federal diversity jurisdiction as a basis for removal and relied on the face of Plaintiff WELLS FARGO's (an undisputed Iowa citizen) state court complaint – which reflects on its face, an amount that far exceeds the $75,000 statutory limit. As such, 5307 CWELT's basis for removal

was apparent on the face of the state court complaint at the time Plaintiff filed that pleading on

March 3, 2016. See [DE 1].

In relevant part, 28 U.S.C. § 1332 provides that:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States - 28 U.S.C. § 1332.

In the laws of the United States, diversity jurisdiction is a form of subject-matter

jurisdiction that gives United States federal courts, such as this Court the power to hear lawsuits

that do not involve a federal question. For a federal court to have diversity jurisdiction over a

lawsuit, two conditions must be met. First, there must be "diversity of citizenship" between the

parties, meaning the plaintiff must be citizens of different U.S. states than the defendants – which

no one disputes, is the case here.

Here, the Defendant 5307 CWELT removed this case to this Court under 28 U.S.C. §

1441(a) on February 24, 2025, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the

main basis for subject matter jurisdiction over this cause of action.

For the reasons stated herein, this Court should conclude (as the 11th Circuit did in

*Wilson*), that if a federal court has original subject matter jurisdiction over a case, removal of the

case to federal court by an unrepresented business entity (or any other unauthorized party) as a

waivable defect subject to § 1447(c)'s 30-day rule.

Here, as in *Wilson*, subject matter jurisdiction existed under § 1332(a) based on complete diversity between 5307 CWELT and WELLS FARGO and the amount in controversy exceeding $75,000. Because WELLS FARGO did not move to remand within 30 days after the 5307 CWELT removed the case to this Court, it [WELLS FARGO] has waived any objections, including the removal of an alleged unrepresented business entity; timeliness, and/or the unanimity rule.

Even though the Court seems poised to conclude that an unrepresented business entity does not have authority to remove a case from state court to this federal court, that conclusion would be entirely separate from this Court's subject matter jurisdiction. See *Wilson*.

Moreover, if an unpresented business entity does remove a case, and that case could have been originally filed in federal court (as this instant case), then that allegedly improper removal is a *procedural* defect subject to the 30-days rule under § 1447(c). See *Wilson*. And without a timely motion raising that procedural defect, it is waived.

At the time WELLS FARGO filed the state court complaint on March __, 2016, and through and including today's date, this Court had, and still currently has, original subject matter jurisdiction as a result of complete diversity between the parties. And since WELLS FARGO chose not to move for remand within 30 days of 5307 CWELT's February 24, 2025 removal, this Court should find that WELLS FARGO waived all of its procedural objections, including but not limited to an alleged unrepresented business entity removal, timeliness, and the unanimity rule.

**WHEREFORE**, the Defendant 5307 CWELT-2008 LLC hereby requests that this Court enters an order granting this Motion for Reconsideration of the Court's March 6, 2025 *sua sponte* remand order, and vacate same, and for any further relief the Court deem just and proper.

Respectfully Submitted,

5307 CWELT-2008 LLC
5307 NW 93rd Avenue
Sunrise, Florida 33351

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided

by via U.S. mail to Plaintiff's attorney, ALBERTELLI LAW, at P.O. Box 23028, Tampa, Florida

33623 and/or by eService at servealaw@albertellilaw.com on this 2nd day of April, 2025.

5307 CWELT-2008 LLC
5307 NW 93rd Avenue
Sunrise, Florida 333512

# Tab 5

Query    Reports    Utilities    Help    Log Out

CLOSED,PAB

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:25-cv-60354-RLR

| | |
|---|---|
| Wells Fargo Financial System Florida, Inc. v. 5307 CWELT-2008 LLC | Date Filed: 02/24/2025 |
| Assigned to: Judge Robin L. Rosenberg | Date Terminated: 03/06/2025 |
| Referred to: Magistrate Judge Panayotta D. Augustin-Birch | Jury Demand: Defendant |
| Case in other court: In The Circuit Court of The Seventeenth Judicial C, CACE-16-004032 | Nature of Suit: 220 Real Property: Foreclosure |
| Cause: 28:1332 Diversity-Notice of Removal | Jurisdiction: Diversity |

**Plaintiff**

**Wells Fargo Financial System Florida, Inc.**
*Successor By Mer-er to Wells Fargo USA Holdings, Inc.*

represented by  **Edward Brown Pritchard**
PO Box 25158
Tampa, FL 33622
813 287-8988
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**5307 CWELT-2008 LLC**

represented by  **5307 CWELT-2008 LLC**
5307 NW 93rd Avenue
Sunrise, FL 33351
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/2025 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT - VERIFIED COMPLAINT TO FORECLOSURE MORTGAGE) Filing fee $405.00, filed by 5307 CWELT-2008 LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(amb) (No Answer/ Motion to dismiss filed) Text Modified on 2/24/2025 (amb). (Entered: 02/24/2025) |

USCA11 Case: 25-11237    Document: 28    Date Filed: 09/08/2025    Page: 50 of 56

| 02/24/2025 | 2 | Clerks Notice of Judge Assignment to Judge Robin L. Rosenberg and Magistrate Judge Panayotta D. Augustin-Birch.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Panayotta Augustin-Birch is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (amb) (Entered: 02/24/2025) |
| 02/24/2025 | 3 | Clerks Notice of Receipt of Filing Fee received on 2/24/2025 in the amount of $ 405.00, receipt number 19736 (nan) (Entered: 03/06/2025) |
| 03/06/2025 | 4 | ORDER REMANDING CASE TO STATE COURT CLOSING CASE. Signed by Judge Robin L. Rosenberg on 3/6/2025. *See attached document for full details.* (caw) (Entered: 03/06/2025) |
| 03/06/2025 | 5 | Transmittal Letter Sent with Certified Copy of 4 Order to Remand to: 17th Judicial Circuit in and for Broward County, FL. State Court Case Number: CACE-16-004032. (caw) (Entered: 03/06/2025) |
| 03/07/2025 | 6 | Clerk's Notice to Filer of Failed Filing Fee payment regarding receipt number FLS 19736 in the amount of $405.00(DE# 3). The Filer is instructed to pay $405.00 plus a return fee of $53.00, if applicable, within 24 hours of this notice. (Torres, Betsabel) (Entered: 03/07/2025) |
| 04/02/2025 | 7 | MOTION for Reconsideration re 4 Order Remanding Case to State Court by 5307 CWELT-2008 LLC. (amb) (Entered: 04/03/2025) |
| 04/03/2025 | 8 | PAPERLESS ORDER denying 7 Motion for Reconsideration. Signed by Judge Robin L. Rosenberg (bkd) (Entered: 04/03/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/04/2025 06:04:12 | | |
| **PACER Login:** | DrewT3008 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 0:25-cv-60354-RLR |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# Tab 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
*Fort Lauderdale Division*

Case Number: **25-CV-60354-RLR**

> FILED BY ⟋⟋ D.C.
>
> APR 1 1 2025
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S. D. OF FLA. - FT. LAUD.

5307 CWELT-2008 LLC           )
    Defendant/Appellant,   )
                    )

v.                     )        **NOTICE OF APPEAL**
                     )

Wells Fargo Financial System   )
Florida, Inc,                  )
    Plaintiff/Appellee   )

      **NOTICE IS HEREBY GIVEN** that 5307 CWELT-2008 LLC, Defendant in the above-styled case, hereby appeals to the United States Court of Appeals for the Eleventh (11th) Circuit a <u>March 6, 2025</u> Order [ECF 4] Remanding Case to State Court; and 2) an <u>April 3, 2025</u> *paperless* Order [ECF 8] Denying Defendant's Motion for Reconsideration without any explanation. The orders were entered by the United States District Court, Southern District of Florida. Conformed copies of the March 6, 2025 and the April 3, 2025 orders are attached hereto.

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice was furnished to the Plaintiff/Appellee's attorney listed below by U.S. Mail, the Public Access to Court Electronic Records ("PACER") system, and/or by email on this 11th day of April, 2025.

      **ALBERTELLI LAW**
      P.O. Box 23028
      Tampa, Florida 33623

      5307 CWELT-2008
      5307 NW 93rd Avenue
      Sunrise, Florida 33351

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-CV-60354-RLR

WELLS FARGO FINANCIAL
SYSTEM FLORIDA, INC.,

    Plaintiff,

vs.

5307 CWELT-2008 LLC,
et al.,

    Defendants.

_____/

### ORDER REMANDING CASE TO STATE COURT

    This matter is before the Court *sua sponte*. The Court remands this case back to state court for three reasons.

    First, one Defendant removed this case to federal court. That Defendant, 5307 CWELT-2008 LLC, filed the notice of removal without counsel—purporting to act *pro se*. Business entities may not be represented *pro se*—they must be represented by an attorney. *E.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

    Second, there are multiple Defendants in the underlying state court case, but only one Defendant filed the notice of removal. All served Defendants must consent to removal. *E.g., Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900).

    Third, the underlying state court case has been pending for approximately six years. The time limit for removal to federal court is one year. 28 U.S.C. § 1446(b).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Clerk of the Court shall **REMAND** this matter back to the Seventeenth Judicial Circuit in and for Broward County and **CLOSE** this federal case. All other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of March, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

CLOSED,PAB

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:25-cv-60354-RLR

Wells Fargo Financial System Florida, Inc. v. 5307 CWELT-2008 LLC
Assigned to: Judge Robin L. Rosenberg
Referred to: Magistrate Judge Panayotta D. Augustin-Birch
Case in other court: In The Circuit Court of The Seventeenth
               Judicial C, CACE-16-004032
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 02/24/2025
Date Terminated: 03/06/2025
Jury Demand: Defendant
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

### Plaintiff

**Wells Fargo Financial System Florida, Inc.**
*Successor By Mer-er to Wells Fargo USA Holdings, Inc.*

represented by **Edward Brown Pritchard**
PO Box 25158
Tampa, FL 33622
813 287-8988
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**5307 CWELT-2008 LLC**

represented by **5307 CWELT-2008 LLC**
5307 NW 93rd Avenue
Sunrise, FL 33351
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/2025 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT - VERIFIED COMPLAINT TO FORECLOSURE MORTGAGE) Filing fee $405.00, filed by 5307 CWELT-2008 LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(amb) (No Answer/ Motion to dismiss filed) Text Modified on 2/24/2025 (amb). (Entered: 02/24/2025) |

| 02/24/2025 | 2 | Clerks Notice of Judge Assignment to Judge Robin L. Rosenberg and Magistrate Judge Panayotta D. Augustin-Birch.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Panayotta Augustin-Birch is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (amb) (Entered: 02/24/2025) |
| --- | --- | --- |
| 02/24/2025 | 3 | Clerks Notice of Receipt of Filing Fee received on 2/24/2025 in the amount of $ 405.00, receipt number 19736 (nan) (Entered: 03/06/2025) |
| 03/06/2025 | 4 | ORDER REMANDING CASE TO STATE COURT CLOSING CASE. Signed by Judge Robin L. Rosenberg on 3/6/2025. *See attached document for full details.* (caw) (Entered: 03/06/2025) |
| 03/06/2025 | 5 | Transmittal Letter Sent with Certified Copy of 4 Order to Remand to: 17th Judicial Circuit in and for Broward County, FL. State Court Case Number: CACE-16-004032. (caw) (Entered: 03/06/2025) |
| 03/07/2025 | 6 | Clerk's Notice to Filer of Failed Filing Fee payment regarding receipt number FLS 19736 in the amount of $405.00(DE# 3). The Filer is instructed to pay $405.00 plus a return fee of $53.00, if applicable, within 24 hours of this notice. (Torres, Betsabel) (Entered: 03/07/2025) |
| 04/02/2025 | 7 | MOTION for Reconsideration re 4 Order Remanding Case to State Court by 5307 CWELT-2008 LLC. (amb) (Entered: 04/02/2025) |
| 04/03/2025 | 8 | PAPERLESS ORDER denying 7 Motion for Reconsideration. Signed by Judge Robin L. Rosenberg (bkd) (Entered: 04/03/2025) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 04/04/2025 06:04:12 | | |
| **PACER Login:** | DrewT3008 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 0:25-cv-60354-RLR |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |