**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 25-11237

Non-Argument Calendar

---

WELLS FARGO FINANCIAL SYSTEM FLORIDA, INC.,

*Plaintiff-Appellee,*

*versus*

5307 CWELT-2008 LLC,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:25-cv-60354-RLR

---

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Wells Fargo Financial System sued 5307 CWELT-2008 LLC and other defendants in state court to foreclose on a mortgage in

2016. In 2025, CWELT removed the case to the United States District Court for the Southern District of Florida. CWELT asserted that removal was proper based on diversity. The district court, explaining that CWELT removed the proceeding (1) in a case that had been pending for many years, (2) without the consent of the other defendants, and (3) while purporting to act pro se as a business entity, remanded the matter to state court sua sponte. CWELT appeals the sua sponte remand order, arguing that the district court exceeded its authority by remanding based on procedural defects without waiting for a motion. We agree.

Under 28 U.S.C. section 1447(c), a "district court must wait for a party's motion before remanding a case based on procedural defect[s]." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). If the district court doesn't wait, it "exceed[s] its authority under [section] 1447(c) by remanding [a] case because of a perceived procedural defect in the removal process without waiting for a party's motion." *Id.*

That's what happened here. Without waiting for a motion, the district court remanded Wells Fargo's lawsuit back to state court because of perceived procedural defects in the removal process. The district court cited CWELT's delay in removing the foreclosure lawsuit, for example, but "timeliness of removal is a procedural defect—not a jurisdictional one." *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (per curiam).

So are the other reasons the district court gave for the sua sponte remand order—non-consent by the other defendants and lack of representation for the business entity. "[A] procedural defect . . . refers to any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)). Like timeliness, neither of the other reasons go to whether this case could have originally been brought in federal court. *See In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409–11 (11th Cir. 1997) (treating "failure of all defendants to either join in [] petition for removal or manifest their consent thereto" as a procedural defect).

The district court needed to wait for a motion before remanding for procedural defects in the removal process. Because it didn't, the court exceeded its authority under section 1447(c) by sua sponte remanding the foreclosure lawsuit back to state court. We therefore must reverse the "order remanding the case to the Florida court, and remand the case to the district court for further proceedings." *See Whole Health*, 254 F.3d at 1321.[1]

**REVERSED AND REMANDED.**

---

[1] "Our determination that the district court exceeded its authority under [section] 1447(c) also resolves the issue of our jurisdiction to review the remand order." *Whole Health*, 254 F.3d at 1321.